**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JADE BEST, | : | |
| | | Civil Action No. 04-3927 (FLW) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| JONATHAN C. MINER, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u> | Counsel for Respondent |
| JADE BEST | Paul A. Blaine, Esq. |
| #48228-066 | Asst. U.S. Attorney |
| F.C.I. FAIRTON | Camden Federal Building |
| P.O. BOX 420 | and U.S. Courthouse |
| FAIRTON, NJ 08320 | 401 Market Street |
| | P.O. Box 2098 |
| | Camden, NJ 08101 |

**WOLFSON**, District Judge

   Petitioner Jade Best, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Jonathan C. Miner.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.  BACKGROUND

On March 1, 1994, Petitioner was arrested by Philadelphia police officers and charged with possession with intent to distribute a controlled substance.  On April 1, 1994, Petitioner posted bail and was released from custody.  The events of March 1, 1994, gave rise to the federal charges for which Petitioner presently is confined; the state subsequently dropped its charges arising out of the events of that day.

On or about June 30, 1994, Petitioner was again arrested by Philadelphia police and charged with aggravated assault and other charges.  Petitioner did not post bail with respect to this arrest and remained in custody.

On or about September 7, 1994, a two-count federal indictment was returned against Petitioner, based upon Petitioner's conduct on March 1, 1994, charging him with conspiracy to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On September 29, 1994, officers of the United States Marshals Service took Petitioner into custody pursuant to a federal writ of habeas corpus ad prosequendum.  (United States v. Best, 94-cr-0357, E.D. Pa., Docket Entry No. 17.)  A federal arrest warrant was served on Petitioner at the same time.  (Respondent's Ex. 1f.)  While he was on writ with federal

authorities, Petitioner was held at FCI Fairton and at FCI Schuylkill as a pretrial detainee.

On February 15, 1995, Petitioner was found guilty of both counts in the federal indictment. On May 5, 1995, Petitioner was sentenced to 160 months imprisonment, to be followed by 5 years supervised release. Best was returned to state custody the same day.

On the day of Petitioner's federal sentencing, charges remained pending against him in state court with respect to the arrests on September 3, 1993 and June 30, 1994. The federal court had been made aware of the pending charges. The federal court was silent as to whether the federal sentence should run consecutively or concurrently to any sentence to be imposed later on the pending state charges.

Petitioner contends that on or about August 11, 1995, in the Court of Common Pleas of Philadelphia County, he pleaded guilty to robbery under the understanding that his state sentence would run concurrent to his federal sentence. On August 14, 1995, in the Court of Common Pleas, Petitioner was sentenced to a term of six to 20 years on the state charges. The state sentence was expressly "[t]o run concurrent to sentence, now serving." (Pet. Ex. B.)

On August 2, 2001, Petitioner was paroled from his state sentence and was surrendered to federal custody. Staff at FCI Fairton contacted Pennsylvania authorities to determine what

3

credit Petitioner received for the time he was in their custody, from March 1, 1994 until August 2, 2001.  Petitioner had been given credit against his state sentence for all time in custody except March 1, 1994.  The Bureau of Prisons granted Petitioner credit against his federal sentence for March 1, 1994, and determined that the federal sentence commenced on August 2, 2001, and was to be served consecutively to the state sentence.  See 18 U.S.C. § 3584(a).

Petitioner filed an administrative action to have the state facility where he had served his state sentence designated nunc pro tunc a place of serving his federal sentence, so that the time served in state custody could be credited toward his federal sentence, effectively rendering the sentences concurrent.  On April 3, 2002, staff at FCI Fairton contacted the Assistant U.S. Attorney in the prosecution of Best, seeking clarification whether the federal sentencing court had been aware of the pending state charges and asking the prosecutor to seek the sentencing court's opinion regarding whether the sentences should be served concurrently or consecutively.  (Resp. Ex. 1b.)  The prosecutor responded that the sentencing court had been made aware of the pending state charges and that the consecutive sentence was unambiguous.  The prosecutor copied the federal sentencing court on its response to the BOP, inviting the court to respond if it disagreed.  No further response was received from the sentencing court.  Accordingly, the BOP declined to

4

designate the state facilities as a place of serving the federal sentence and calculated the federal sentence as running consecutively to the state sentence.  Petitioner's current projected release date is May 11, 2013.  This Petition followed.

## II.  ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence. 18 U.S.C. § 3585(a), (b).

"Multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited, however, to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). Where a state sentence has not yet been imposed, a federal court has no authority to order that its term of imprisonment shall run concurrently with a term of imprisonment that may be imposed in the future with respect to pending state charges. See Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); United States v. Smith, 101 F.Supp.2d 332, 342-47 (W.D. Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D. Pa. Sept. 13, 2000). Cf. Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990) (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so"). Contra United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995). Here, where there was no pending state sentence at the time the federal sentence was imposed, the federal court had no authority to order the federal

sentence to run concurrently to a state sentence that might be imposed in the future.

The BOP, however, in the exercise of its discretion, has authority to designate as a place of federal confinement, <u>nunc pro tunc</u>, the facilities in which Petitioner served his state sentence.  <u>See</u> <u>Barden</u>, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on his application for a <u>nunc pro tunc</u> designation); 18 U.S.C. § 3621(b).[2]  The decision of the BOP is subject to judicial review only for abuse of discretion. <u>Barden</u>, 921 F.2d at 478.

Here, Petitioner requested such a <u>nunc pro tunc</u> designation and the BOP sought relevant information from the prosecutor and sentencing court.  The prosecutor noted his objection and the federal court declined to address the issue.  The BOP also considered Petitioner's criminal record.  Under such

---

[2] Section 3621(b) provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ... ."  Pursuant to BOP Program Statement 5160.04, "Appropriate state institutions will be designated for service of Federal sentences when such actions are in compliance with applicable statutes, court orders or recommendations, and the goals of the criminal justice system."  The Program Statement also provides that, when the federal judgment is imposed first and there is no recommendation regarding concurrent or consecutive service of the sentence, the BOP will enquire of the federal sentencing court whether the court has any objections to a <u>nunc pro tunc</u> designation.

circumstances, it was not an abuse of discretion for the BOP to conclude that the statutory preference for consecutive sentences should control.

The statement of the state court judge that the sentences should be served concurrently does not lead to a different result.  Where the two sentencing judges are of differing opinions as to whether the federal and state terms should be served concurrently or consecutively, it cannot be said that the BOP has abused its discretion in following the intent of the federal judge, especially where that intent tracks the statutory presumption of consecutive sentences.

Thus, the BOP properly determined that Petitioner's sentence commenced on August 2, 2001, when he was paroled from his state sentence and delivered to federal custody.  In addition, the BOP properly credited Petitioner with one day's credit for March 1, 1994.  See 18 U.S.C. § 3585(b).

The BOP also properly refused to credit Petitioner for time spent in physical custody pursuant to the writ of habeas corpus ad prosequendum.  When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant.  See Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.

> Primary jurisdiction remains vested in the [jurisdiction] which first arrested the defendant until that jurisdiction relinquishes it priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. ... Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.

<u>Chambers</u>, 920 F.Supp. at 622 (citations omitted).

Thus, the state government acquired primary jurisdiction over Petitioner when it arrested him, which it retained when it produced Petitioner pursuant to the writ of habeas corpus <u>ad prosequendum</u>. The time during which Petitioner was subject to the writ was credited toward his state sentence and cannot, consistent with 18 U.S.C. § 3585, be credited toward his federal sentence. Petitioner has not established any right to relief.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be denied. An appropriate order follows.

<u>S/Freda L. Wolfson</u>
Freda L. Wolfson
United States District Judge

Dated: May 15, 2006

9